UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT HILTON and LOUIS VASQUEZ, on behalf
of themselves and all others similarly situated,

                        Plaintiffs,
     vs                                              9:05-CV-1038

LESTER N. WRIGHT, M.D., M.P.H., Associate
Commissioner/Chief Medical Officer, for the New
York State Department of Correctional Services;
and NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES,
                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

KOOB & MAGOOLAGHAN                 ELIZABETH L. KOOB, ESQ.
Attorneys for Plaintiffs                       JOAN MAGOOLAGHAN, ESQ.
221 Devoe Avenue
Yonkers, New York 10705

HON. ANDREW M. CUOMO                BELINDA A. WAGNER, ESQ.
Attorney General of the                    Asst. Attorney General
  State of New York
Attorney for Defendants
Department of Law
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## O R D E R

     By amended complaint dated September 2, 2005, plaintiffs allege that defendants

violated the Eighth and Fourteenth Amendments, the ADA, and/or Section 504 by requiring

all prisoners with a past history of drug and/or alcohol use and/or abuse to participate in

facility based substance abuse counseling programs known as ASAT and RSAT, as a condition of receiving antiviral therapy.

By Memorandum-Decision filed February 27, 2006, the plaintiff class was certified pursuant to Fed. R. Civ. P. 23(b)(1) and 23(b)(2). (235 F.R.D. 40)

On July 19, 2007, the parties entered into an Interim Settlement Agreement which resolves the injunctive and equitable claims in this action. The Interim Settlement Agreement provided for notification of the elimination of the ASAT requirement and of the terms of the agreement, to every DOCS' inmate who tested positive for Hepatitis C.

On July 19, 2007, the parties entered into a "Stipulation Regarding Notice to the Plaintiff Class and Scheduling of Fairness Hearing" that: (a) scheduled a hearing for December 12, 2007, to determine whether the Agreement would be approved; and (b) directed that a Notice to the Class of the settlement, as well as copies of the Agreement, be distributed to each class member. The Stipulation was "So Ordered" by this Court on July 25, 2007.

Potential class members were provided an opportunity to file objections with respect to the Interim Settlement Agreement and approximately 53 objections or other comments were received.

On October 2, 2007, a fairness hearing was scheduled for December 14, 2007. On November 7, 2007, the court extended the time for the submission of written objections, and set November 30, 2007, as the deadline upon which the parties were to submit their responses and objections to the Interim Settlement Agreement.

In submissions filed on November 30, 2007, counsel for the parties asked to "So Order" the July 19, 2007 Interim Settlement Agreement.

Upon review of the papers submitted in this matter, and all papers filed in this action, it is

ORDERED that

1. The Interim Settlement Agreement executed by the parties in July 2007, is hereby approved as a final settlement of all claims in the action for equitable and injunctive relief;

2. DOCS shall reevaluate any prisoner who was denied treatment for Hepatitis C because of the ASAT requirement within sixty (60) days of the earlier of the following events: (a) a prisoner is identified by DOCS as an individual who was previously denied Hepatitis C treatment because of the ASAT requirement; or (b) a prisoner requests reevaluation, personally or through class counsel, and it is confirmed that the prisoner at the last evaluation had previously been denied treatment because of the ASAT requirement;

3. Every two weeks commencing January 21, 2008, DOCS shall in writing, report to plaintiff's counsel: (a) The names of each proposed class member whose medical chart has been reviewed; (b) DOCS' conclusion as to whether the individuals named are within the class; and (c) the basis upon which DOCS' concludes that any person named on the Amended Masterchart is not a member of the class. This requirement shall continue until such time as the medical record of each individual named in the Amended Masterchart has been reviewed. The reviews shall be completed no later than March 31, 2008. In the event DOCS' determines that a person named on the Amended Masterchart is a member of the class, then DOCS' shall effectuate a reevaluation of that class member's Hepatitis C treatment needs within sixty (60) days of that determination; and

     4.  The application of the plaintiff class for permission to move to amend their complaint to assert a claim for damages is DENIED.

     IT IS SO ORDERED.

_____
United States District Judge

Dated:   January 2, 2008
          Utica, New York.